PROB 12C
(7/93)

# United States District Court
## for
## District of New Jersey
### Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Hanna Abdul Karim     **Docket Number:** 08-00409-001
**PACTS Number:** 50323

**Name of Sentencing Judicial Officer:** Honorable William H. Walls, Sr. USDJ

**Date of Sentence:** 10/27/2010

**Original Offense:** Money Laundering, 18 U.S.C. §1956(h)

**Original Sentence:** Time served; 3 years supervised release; $100 special assessment, $2,000 fine.

**Type of Supervision:** Supervised Release     **Date Supervision Commenced:** 10/27/10

**Assistant U.S. Attorney:** Marion Percell, 970 Broad Street, Room 502, Newark, New Jersey 07102 (973) 645-2700

**Defense Attorney:** James C. Patton, Esq. (CJA) 209 Livingston Avenue, Suite 9, Livingston, New Jersey 07039 (973) 992-3500

## PETITIONING THE COURT

[ ] To issue a warrant
[X] To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | The offender has violated the supervision condition which states '**The defendant shall refrain from the illegal possession and/or use of drugs and shall submit to urinalysis or other forms of testing to ensure compliance. It is further ordered that the defendant shall submit to drug treatment, on an outpatient or inpatient basis, as directed by the U.S. Probation Office. The defendant shall abide by the rules of any program and shall remain in treatment until satisfactorily discharged with the approval of the U.S. Probation Office.**' |

On March 1, 2011, Abdul Karim submitted a urine sample which tested positive for the use of cocaine.

On May 4, 2011, the offender tested positive for Hydromorphone and Morphine. When questioned regarding this positive urine test, the offender stated he was prescribed Percocets for neck and back pain. The offender failed to provide PO with any documentation of this prescription. In June 2011, Abdul Karim stated he was no longer on any pain medication. At that time, the offender was told if he is prescribed any narcotic medications in the future he must immediately inform probation and sign a Release Form with the prescribing doctor. Abdul

Karim was informed a signed Release Form would enable probation to confirm that the doctor was aware of his addition history and mental health status.

On September 26, 2011, the offender tested positive for Oxycodone, Hydromorphone and Hydrocodone. On September 28, 2011 and October 18, 2011, the offender tested positive for Oxycodone. The offender stated these positive urine tested were a result of him being prescribed Oxycodone and Alprazolam (generic Xanax) from Dr. Discenza, a general practitioner in Jersey City.

On November 16, 2011, Probation contacted Dr. Discenza office, who indicated they were unaware of the offender's substance abuse history and that he was under the care of another doctor (Dr. Usiene of Bergen Regional). Furthermore, Dr. Discenza was not aware that the offender was prescribed several additional prescription medications from Dr. Usiene. Subsequent to probation contacting Dr. Discenza's office, the offender was terminated as a patient by Dr. Discenza for lying about seeing another doctor and being prescribed other medication.

On February 7, 2012, the offender tested positive for opiates. Subsequent to testing positive, Abdul Karim stated he took his mother's Oxycotton earlier that day. The offender took this medication without a prescription.

The Probation Office has determined this conduct constitutes a **Grade C violation.**

2     The offender has violated the supervision condition which states '**The defendant refrain from the illegal possession and/or use of drugs, including prescription medications not prescribed in your name, and the use of alcohol, and shall submit to urinalysis or other forms of testing to ensure compliance. It is further ordered that the defendant shall submit to drug treatment, on an outpatient or inpatient basis, as directed by the U.S. Probation Office. The defendant shall abide by the rules of any program and shall remain in treatment until satisfactorily discharged with the approval of the U.S. Probation Office.**'

The offender was referred to the intensive outpatient substance abuse treatment program at Bergen Regional's Evergreen Program on February 8, 2012. Since that time, the offender has failed to begin treatment at that location. Additional on that date, the offender was directed to attend a minimum of two Narcotics Anonymous (NA) meetings weekly, but has failed to provide probation with documentation of his attendance at any meetings.

The Probation Office has determined this conduct constitutes a **Grade C violation.**

I declare under penalty of perjury that the foregoing is true and correct.

By: Kevin P. Egli
U.S. Probation Officer
Date: 02/17/12

THE COURT ORDERS:

[X] The Issuance of a Warrant
[ ] The Issuance of a Summons. Date of Hearing: 5 Apr 2012
[ ] No Action
[ ] Other

_____
Signature of Judicial Officer

14 March 2012
_____
Date